UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHANE COSSEY,

                                   Petitioner                DECISION AND ORDER

-vs-

                                                                    04-CV-6298

SUPERINTENDENT, GREENE
CORRECTIONAL FACILITY,

                                   Respondent

_____

       This action was dismissed with prejudice by Decision and Order [#6] entered on June 9, 2005, and judgment was entered in favor of the Respondent. The Court dismissed petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, after determining that the petition was filed approximately two years past the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d) defendants. Now before the Court is a letter from the plaintiff, received on June 27, 2005, which the Court will treat as an application for relief from the order and judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the application is DENIED.

       Rule 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Here, the only reasons that plaintiff has given for setting aside the judgment is that, at some point, he lost certain court papers, and that he has no money or legal knowledge. However, these facts fail to explain why petitioner waited almost three years after his conviction

became final before filing his habeas corpus petition. Accordingly, petitioner's application for relief from judgment is DENIED.

ORDER

Petitioner's request for relief from judgment is DENIED. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   Rochester, New York
         July 11, 2005

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge